UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RASHANE L. JONES,

        Plaintiff,

      v.                             Case No. 2:26-cv-1739-KCD-KRH

JEFFREY P. MILES, CENTURION
OF FLORIDA, and MICHELLE
HALL,

        Defendants,

                                    /

**ORDER DISMISSING CASE**

Plaintiff Rashane L. Jones, a prisoner of the Florida Department of Corrections, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) He generally alleges that he received inadequate dental care while incarcerated at Charlotte Correctional Institution. (*Id.*) Jones has not paid the filing fee, and because the Court finds that he is barred under 28 U.S.C. § 1915(g) from proceeding without it, the complaint is dismissed.

Under § 1915(g), a prisoner cannot proceed in forma pauperis if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court...that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). And "[a] dismissal of a suit for failure

to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

The Court takes judicial notice of other actions brought by Jones that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:14-cv-1505-HLA-JK (.D. Fla. ) (failure to state a claim); (2) 3:17-cv-967-BJD-JBT (M.D. Fla.) (frivolous); (3) 3:24-cv-1319-WWB-LLL (M.D. Fla. ) (failure to state a claim); and (4) 3:34-cv-1320-MMH-SJH (M.D. Fla.) (failure to state a claim).

Because Jones has had three or more prior qualifying dismissals, and his current allegations do not warrant the imminent danger exception, he cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the full filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit."). Therefore, the Court dismisses this action under 28 U.S.C. § 1915(g). Jones may initiate a new civil rights action by filing a new complaint and paying the full $405.00 filing fee.

Accordingly, it is **ORDERED:**

1.   Rashane L. Jones' Complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2.   The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this file.

**ENTERED** in Fort Myers, Florida on May 29, 2026.

Kyle C. Dudek
United States District Judge